**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>                    Plaintiff,<br><br><br>          v.<br><br>COHEN, WEISS AND SIMON LLP; DAVID R. HOCK; JANI K. RACHELSON; and MARCELLE J. HENRY.<br><br>                    Defendants. | Case No.: 19-cv-7297 |

## COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

Travelers Casualty and Surety Company of America ("Travelers"), for its Complaint for Rescission and Declaratory Judgment against defendants Cohen, Weiss and Simon LLP (the "Firm"), David R. Hock ("Hock"), Jani K. Rachelson ("Rachelson"), and Marcelle J. Henry ("Henry")[1], alleges as follows:

## NATURE OF THIS ACTION

1.     This is an action for (1) rescission of a professional liability insurance policy (the "Policy") that Travelers issued to the Firm and (2) declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Specifically, Travelers seeks to rescind the Policy on the basis of a material misrepresentation, omission, concealment of fact, and incorrect statement in the Firm's written application for the Policy, *i.e.* a false statement by the Firm that, at the time the application was

---

[1] Hock, Rachelson, and Henry are collectively referred to as the "Cohen Attorneys".  The Firm and the Cohen Attorneys are collectively referred to as the "Defendants."

submitted, none of its members or employees had any knowledge of any incident, act, error, or omission that is or could be the basis of a claim under the proposed policy.

## PARTIES

3.     Travelers is an insurance company incorporated under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.  Travelers, therefore, is a citizen of Connecticut.

4.     The Firm is a limited liability partnership organized under the laws of New York and maintains a principal place of business in New York, New York.  The Firm's partners are citizens of New York and the District of Columbia.  The Firm is, therefore, a citizen of New York and the District of Columbia.

5.     Hock is an individual who, upon information and belief, is domiciled in New Jersey.  Hock is, therefore, a citizen of New Jersey.  At all times relevant to this action, and up until he surrendered his law license, Hock was an attorney, admitted to practice law in New York, and was either a partner of the Firm or an attorney employed by the Firm.

6.     Rachelson is an individual who, upon information and belief, is domiciled in New York.  Rachelson is, therefore, a citizen of New York.  Rachelson is an attorney, admitted to practice law in New York, and is a partner of the Firm.

7.     Henry is an individual who, upon information and belief, is domiciled in New York.  Henry is, therefore, a citizen of New York.  Henry is an attorney, admitted to practice law in New York.  At all times relevant to this lawsuit, Henry was either a partner of the Firm or an attorney employed by the Firm.

## JURISDICTION AND VENUE

8.      Federal subject matter jurisdiction exists in this action, pursuant to 28 U.S.C.

§ 1332, because it is an action between citizens of different states, and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

9.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Southern District of New

York because a substantial part of the events giving rise to Travelers' claim for rescission

occurred in this district.

## THE APPLICATION FOR PROFESSIONAL LIABILITY INSURANCE

10.    The Firm submitted to Travelers a Travelers 1st Choice+ Lawyers Professional

Liability Coverage Application (the "Application"), dated April 25, 2017, and bearing the

signature of Susan Davis ("Davis"), a partner of the Firm.

11.     In the Application, the Firm answered "No" to the following question:

> Do you or any member or employee of your firm have knowledge of any incident,
> act, error, or omission that is or could be the basis of a claim under this proposed
> professional liability policy?

12.     Immediately above Davis' signature,  the Application states, in relevant part, as

follows:

> The undersigned authorized representative of the firm, or individual if
> this application is for an individual, agrees to all of the following:
>
> • The statements and representations made in this application
>   are true and complete and will be deemed material to the
>   acceptance of the risk assumed by Travelers in the event an
>   insurance policy is issued.
>
> • If the information supplied in this application changes
>   between the date of the application and the effective date of
>   any insurance policy issued by Travelers in response to this
>   application, you will immediately notify us of such changes,
>   and we may withdraw or modify any outstanding quotation or

3

agreement to bind coverage.

\* \* \*

## THE INSURANCE POLICY

13.     In reliance on the Application, Travelers issued the Policy, which is a claims-made Travelers 1st Choice+ New York Lawyers Professional Liability Policy, No. 105806447, to the Firm for the policy period July 2, 2017 to July 2, 2018.  A true and correct copy of the Policy is attached as **Exhibit A** and incorporated into this Complaint.

14.     The Declarations included in the Policy lists the **Named Insured**[2] as Cohen, Weiss and Simon LLP.

15.     The Policy's limits of liability for "Professional Services" are $5,000,000 for each **Claim**, not to exceed $5,000,000 for all **Claims**, subject to the each **Claim** deductible of $25,000 for each **Claim** and $50,000 for all **Claims**.

16.     Pursuant to Form LPL-1001NY2 Ed. 01-11, the Policy's Insuring Agreement states as follows:

> ### I.     INSURING AGREEMENT
>
> The Company will pay on behalf of the **Insured**, **Damages** and **Defense Expenses** for any **Claim** first made during the **Policy Period** or an extended reporting period that applies, that is caused by a **Wrongful Act** committed on or after any applicable Retroactive Date set forth in ITEM 5 of the Declarations, provided that no **Insured** on the Knowledge Date set forth in ITEM 5 of the Declarations had any basis to believe that such **Wrongful Act** might reasonably be expected to be the basis of a **Claim**.
>
> The Retroactive Date may not be advanced during the time that the claims-made coverage has been continuously in effect with the Company or any affiliated insurance companies, or during any **Automatic Extended Reporting Period** or **Optional Extended Reporting Period**, if either one applies.

---

[2] Terms appearing in bold text are defined in the Policy.

4

17.     The Policy contains the following definitions, among others:

B.     ***Claim*** means:

1.     a demand for money or services;
2.     a civil proceeding commenced by service of a complaint or similar pleading; or
3.     a written request to toll or waive a statute of limitations relating to a potential civil or administrative proceeding,

against any **Insured** for a **Wrongful Act**.

A **Claim** will be deemed to be made on the earliest date such notice thereof is received by any **Principal Insured**.

\*\*\*

J.     ***Insured*** means any **Insured Person**, **Named Insured**, or **Predecessor Firm**.

K.     ***Insured Person*** means any natural person who:

1.     is the sole owner of, or is or was a partner in, the **Named Insured** or **Predecessor Firm**;
2.     was or is a member of the board of managers, director, executive officer, or shareholder of the **Named Insured** or **Predecessor Firm**;
3.     was or is an employee of the **Named Insured** or **Predecessor Firm**; or
4.     was or is an **Independent Contractor** or Of Counsel attorney,

provided that such person is acting within the scope of their duties on behalf of the **Named Insured** or **Predecessor Firm**.

\*\*\*

X.     ***Principal Insured*** means a member of the board of managers, director, executive officer, natural person partner, owner of a sole proprietorship, principal, risk manager or in-house general counsel of the **Named Insured**.

\*\*\*

## THE UNDERLYING CLAIMS

18.     Teamsters Local 1205 Welfare Fund and Teamsters Local 1205 Pension Fund (collectively, "Local 1205 Funds") and the Joint Industry Board of the Electrical Industry ("JIBEI")[3] have asserted a number of legal malpractice claims against the Defendants, alleging that the Defendants neglected and mismanaged underlying collection matters and failed to engage in necessary post-judgment enforcement. The Clients further allege that the Defendants misrepresented the status of the underlying matters and their efforts to collect judgments.  The Clients also allege that the Defendants provided false information, or withheld information regarding the actual status of their collection efforts.   In addition, the Clients contend that, as a result of the Defendants' actions, they have been unable to collect, or pursue, certain unpaid contributions to their respective employee benefits funds, and that some claims are time-barred.

### Local 1205 Funds Underlying Claims

19.     Local 1205 Funds are "employee benefits plans" and "multiemployer plans", as defined by Employee Retirement Income Security Act ("ERISA").  Local 1205 Funds retained the Firm to collect unpaid contributions and other amounts from, and pursue litigation against, certain employers including K-D Frame and Door Corporation ("KD Door"), Accent Hardwood Flooring & Supply Corp. ("Accent"), and Gariboldi Insulation, Inc. ("Gariboldi").

20.     Local 1205 Funds have asserted claims against the Defendants alleging that the Defendants acted negligently in connection with their representation of Local 1205 Funds in collection proceedings against KD Door, Accent and Gariboldi, among other employers.  Local 1205 Funds contend, among other things, that the Defendants failed to follow through on the settlements and judgments related to these matters and enforce Local 1205 Funds' rights or to

---

[3] Local 1205 Funds and JIBEI are collectively referred to as "the Clients".

collect payment from these companies.  Additionally, Local 1205 Funds contend that the Defendants misled and deceived Local 1205 Funds about the status of these claims and the actions the Defendants were taking to protect Local 1205 Funds' rights.

21.     Upon information and belief, between 2010 and prior to the signing of the Application (*i.e.,* April 25, 2017), the Firm misrepresented the status of existing claims and the Firm's efforts to enforce Local 1205 Funds' collection rights. As described further below, Local 1205 Funds assert the Firm made false statements regarding fictitious litigations and filings concerning the KD Door, Accent, and Gariboldi matters.

22.     With respect to the Gariboldi matter, upon information and belief, the Firm reported to Local 1205 Funds that the Firm was waiting for court to rule on a motion to compel discovery against Gariboldi's principal.  Local 1205 Funds assert, however, that at the time of the report, the motion had already been denied because the Defendants had taken no action. Local 1205 Funds also have asserted that the Firm repeatedly reported to the Trustees of Local 1205 Funds that the Firm filed a complaint and a motion for default judgment against certain parties.  Local 1205 Funds contend that, in reality, no case was ever filed on behalf of Local 1205 Funds, and Local 1205 Funds contend that statements describing such filings were therefore false.

23.     In regards to the KD Door matter, upon information and belief, the Firm made false statements to Local 1205 Funds regarding its efforts to seek the court's involvement in enforcing a settlement agreement between Local 1205 Funds and KD Door. While the Firm represented that it was pursuing a motion to enforce the settlement agreement, Local 1205 Funds contend this was false.  Local 1205 Funds assert that in reality, no such request was made and the time to restore the case to the active docket had already lapsed.

24.     With respect to the Accent matter, upon information and belief, the Firm advised Local 1205 Funds that an amended complaint against a successor entity was filed and discovery was proceeding.  Local 1205 Funds assert that in reality, the Firm never filed the amended complaint and the case did not exist.

25.     According to Local 1205 Funds, as a result of the Defendants' conduct, Local 1205 Funds have lost the right to collect certain amounts owed from these employers or would have achieved a more favorable result but for the Defendants' actions.

26.     Upon information and belief, by April 25, 2017, when the Firm completed the Application, a Firm partner or employee was aware of material facts relating to the Firm's misrepresentations of, and false reports to, Local 1205 Funds regarding the status and pendency of the KD Door, Accent and Gariboldi matters, and that such incidents, acts, errors or omissions could be the basis of a claim under the Policy.

### JIBEI Underlying Claim

27.     JIBEI is the administrator of the pension, health and welfare plans jointly trusteed by Local Union No. 3 and signatory employers who employ union members on electrical jobs in the New York City, Westchester, and Fairfield, Connecticut jurisdictions.

28.     JIBEI retained the Firm to serve as outside collection counsel in connection with various collection actions, including a collection action against Gartech Electrical Contracting ("Gartech"), an electrical contractor, related to a project with the Metropolitan Transit Authority ("MTA").

29.     JIBEI has asserted a legal malpractice claim against the Firm and Hock relating to their alleged negligence in pursuing delinquent benefit contributions from Gartech.

30.     Upon information and belief, Hock and the Firm misrepresented to JIBEI the status and pendency of a lawsuit filed in New York state court (the "State Action") against the

general contractor's sureties.  The Firm and Hock filed the State Action to recoup unpaid benefit contributions allegedly owed to JIBEI for the MTA project.

31.     Upon information and belief, while the State Action was pending, Hock reported to the JIBEI that the only source of potential collection was from the sureties, absent Hock and the Firm successfully recovering amounts from Gartech.  However, in February 2016, after the sureties filed a motion for summary judgment in the State Action, which was marked "submitted without opposition", Hock stipulated to the discontinuance of the State Action.  The State Action was ultimately dismissed with prejudice.  Upon information and belief, Hock did not advise the JIBEI of the summary judgment motion, the non-opposition to the motion, or the dismissal with prejudice.  Hock and Firm also did not receive JIBEI's consent to dismiss the action.

32.     Upon information and belief, in September 2016, Hock stated in a status report to JIBEI that a status conference was scheduled that month, at which time the court would likely set a summary judgment schedule.  He made this representation even though the case had been dismissed months earlier.  He also stated in the September 2016 status report that "unless we receive additional information regarding assets [of Gartech], the only likely source of collection is from the lawsuit against the surety", *i.e.* a lawsuit that was already dismissed.

33.     According to JIBEI, as a result of Hock's actions, it has lost the opportunity to collect the full amount Gartech allegedly owes.

34.     Upon information and belief, by April 25, 2017, when the Firm completed the Application, a Firm partner or employee was aware of material facts relating to the Firm's misrepresentations and false reports to JIBEI regarding the status and pendency of the matters, and that such incidents, acts, errors or omissions could be the basis of a claim under the Policy.

## COUNT I
### (Rescission of Policy)

35.     Travelers realleges paragraphs 1-34 above as if set forth fully as this paragraph 35.

36.     The Application contained a misrepresentation, omission, concealment of facts, or incorrect statement in the negative response to the question whether any member of the Firm had knowledge of any incident or act that could be the basis of a claim.

37.     Upon information and belief, at the time the Firm completed the Application, a Firm partner or employee had knowledge that the Firm did not take necessary steps to collect money on behalf of the Clients, misrepresented the status of collection efforts, and caused the Clients to lose the right to collect the monies allegedly owed.

38.     Upon information and belief, the Underlying Claims involve incidents, acts, errors or omissions that are or could be the basis of a claim under the Policy.

39.     The misrepresentation, omission, concealment of fact, or incorrect statement included in the Application materially affected Travelers' acceptance of risk and/or the hazard that Travelers assumed. Travelers would not have issued the Policy had it been made aware of the true facts.

40.     As a result of the material misrepresentation, omission, concealment of fact, or incorrect statement in connection with the Application, the Court should rescind the Policy and declare that there is no coverage for any **Claim** made against the Firm, or any other **Insured** under the Policy, including, without limitation, the Underlying Claims.

41.     Travelers is tendering to the Firm all amounts paid as premium for the Policy.

WHEREFORE, Travelers respectfully requests that the Court enter a judgment:

        a.   Declaring the Policy void as of its inception;

b. Rescinding the Policy;

c. Declaring that Travelers has no duty to defend or indemnify the Firm or any other **Insured** against any **Claim;** and

d. Granting such other relief as the Court may deem just and proper.

Dated:  New York, New York
       August 5, 2019

                                     TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

                                By: /s/____*Lindsey E. LaFond*_____
                                    Lindsey E. LaFond (LEH427)
                                    Adam M. Smith (AS8124)
                                    COUGHLIN DUFFY LLP
                                    88 Pine Street, 28th Floor
                                    Wall Street Plaza
                                    New York, NY 10005
                                    (ph.) (212) 612-4995
                                    (fax) (212) 480-3899
                                    llafond@coughlinduffy.com
                                    asmith@coughlinduffy.com
                                    *and*

                                    Christopher J. Bannon
                                    (*pro hac admission to be requested*)
                                    cbannon@agdglaw.com
                                    Amber O. LaFevers
                                    (*pro hac admission to be requested*)
                                    alafevers@agdglaw.com
                                    Aronberg Goldgehn Davis & Garmisa
                                    330 N. Wabash Avenue, Suite 1700
                                    Chicago, IL 60611
                                    (ph.) (312) 755-3175
                                    (fax) (312) 222-6375

                                    *Attorneys for Plaintiff Travelers*
                                    *Casualty and Surety Company of America*